(No. 4008— ▆▆▆▆▆▆▆)

GRACE GAMMON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 21, 1948.*

J. KELLY SMITH, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and HON. C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On February 24, 1945 the claimant, Grace Gammon, an employee of the respondent in the Department of Public Welfare, while acting as an attendant at Manteno State Hospital, was struck by a patient, and fell against a bench. She was struck at the lower frontal part of the skull near the bridge of her nose; in falling her left breast struck the bench.

Following the injury, claimant went home and consulted a doctor, but she required no further medical attention or treatment until May, 1945. During the period of February 24, 1945 to May, 1945, although, because of pains in the head, she took sedatives, which she got without prescription, she remained on duty at the hospital, excepting for four days from February 24th to February 28th.

From May, 1945 to November 1945, claimant was treated by Dr. Phipps for these pains, which were practically continuous. On November 25, 1945, at the request of Dr. Phipps, she was given a leave of absence to December 10, 1945 for rest. During that time she took chiropractic treatments.

Claimant returned to work on December 10, 1945 and

worked until February 4, 1946 when she was granted a further leave of absence until July 25, 1946. During this period her left breast was removed by surgery. When claimant returned to work on July 25th she worked only four days, and from July 29, 1946 until September 15, 1947, she was under the care of Dr. Otis Hudson. She again returned to work on September 15th.

No claim is made for medical or hospital services or for permanent disability, but claimant seeks an award for fifty-three weeks temporary total disability.

At the time of the accident claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; the accident arose out of and in the course of the employment. During the year immediately preceding the injury, claimant's annual earnings were $1,074.20. She had one child under sixteen years of age dependent upon her for support.

Claimant, however, has not complied with the provisions of the Act. The report of the Department of Public Welfare, which forms a part of the record, states that no report of claimant's injury is on file in the Department, and Dr. Walter H. Baer, Superintendent of the Manteno State Hospital, finds no evidence of any report submitted on the injury. The physicians of the hospital have no record of treating claimant for this injury.

Furthermore, Mrs. Gammon's complaint was filed on February 7, 1947, almost two years after the date of the alleged injury. Under the provisions of Section 24 of the Workmen's Compensation Act, the right to file a claim for compensation is barred unless application for compensation is filed within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid. In her complaint, claimant

states that she received no compensation payments. The report of the Department of Public Welfare is to like effect. It is obvious that her claim is barred by Section 24 of the Act. An award must therefore be denied.

The taking and transcribing of the testimony before Commissioner Jenkins was by Grace Moyers, of Mound City, Illinois, who has submitted a bill for her services in the amount of $54.00. The court finds these charges usual, fair, and customary, and an award is therefore made in favor of Grace Moyers in the amount of $54.00, payable forthwith.